UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:   -cv-

HENRY REGUEIRA,

    Plaintiff,

v.

ULTIMATE BUFFET, INC.

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff, HENRY REGUEIRA (hereafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint and sues Defendant, ULTIMATE BUFFET, INC. (hereafter referred to as "Defendant"), a Florida Corporation, and in support thereof states as follows:

## JURISIDCTION, PARTIES, AND VENUE

1. This is an action by the Plaintiff exceeding the jurisdictional limits of this Court excluding attorney's fees or cost for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter is in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., to redress injury done to the Plaintiff by the Defendant for discriminatory treatment on the basis of sex/gender ,sexual orientation, and retaliatory discharge found on Plaintiff's complaint of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade County, Florida, and Defendant is situated in Miami-Dade County, Florida within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business in Miami-Dade County, Florida

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Plaintiff is a male former employee of the Defendant and is a member of a class of persons protected from discrimination in his employment.

9. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. Plaintiff is a gay male and is a member of a class of persons protected from discrimination in his employment under 42 U.S.C.A. § 1981 and Title VII of the Civil Rights Act, as amended.

12. On or about October 2016, Plaintiff began his employment with Defendant as a food runner.

13. During his time of employment as a food runner with the Defendant, the Plaintiff was subject to disparate treatment and discrimination on account of his sexual orientation.

14. On or about February 2017, Plaintiff's manager, William Gonzalez, searched through Plaintiff's personal Instagram account and downloaded a picture of Plaintiff from the account.

15. Plaintiff's manager, William Gonzalez, used Plaintiff's photograph to create a photoshop montage comparing Plaintiff to the cartoon character "Johnny Bravo."

16. Plaintiff's manager posted this picture on the schedule board at the Defendant's restaurant to show all of Plaintiff's co-workers and to make fun of Plaintiff. Plaintiff's manager posted the picture on the schedule board with the caption, "I feel pretty."

17. Plaintiff removed the picture as soon as he saw it on the schedule board.

18. Plaintiff's manager, William Gonzalez, would constantly ask Plaintiff's co-worker whether Plaintiff was gay.

19. Plaintiff's co-workers would call him "faggot cheerleader" and would tell him, "ladies first," when Plaintiff would walk by his co-workers.

20. Plaintiff's job duties included replacing food at the buffet. Plaintiff's co-workers would purposely delay the food for Plaintiff so that Plaintiff's manager could punish him.

21. On or about August 23, 2017, Plaintiff was pushed by a co-worker by who always looked at Plaintiff in a bad way.

22. Plaintiff immediately went to his manager to notify him of the situation and the hostile work environment that had been created.

23. Despite Plaintiff informing Defendant of the situation, Defendant did not do anything about it.

24. Plaintiff told his manager that he would have to call the police if nothing was done by the Defendant.

25. Plaintiff's manager immediately terminated Plaintiff's employment with Defendant.

26. Defendant was aware that Plaintiff was a gay male, and as a result, Plaintiff endured constant discrimination based on his sexual orientation.

27. Defendant's conduct was knowing, malicious, willful and wanton, and/or showed a reckless disregard for Plaintiff.

28. Plaintiff contacted his manager in person to complaint about the discriminatory treatment, yet Defendant blatantly ignored Plaintiff's complaint and request for help.

29. Defendant failed to properly investigate Plaintiff's complaint to prevent other employees from engaging in unlawful discriminatory manner.

30. As a result of aforementioned treatment by Defendant, Plaintiff suffered substantial economic and non-economic damages, harm to his professional and personal reputation, severe mental anguish, and embarrassment.

31. Male and female heterosexual employees were not subject to the discriminatory treatment by Defendant.

32. On August 23, 2017, Plaintiff was terminated by Defendant.

33. As a result of Plaintiff's sexual orientation, his complaint about the discriminatory treatment, and threat to call the police, Plaintiff was terminated by William Gonzalez.

34. On or about August 30, 2017, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (hereafter referred to as the "EEOC").

35. On or about September 19, 2019, the EEOC issued a "Notice of Suit Rights" to Plaintiff.

36. Plaintiff has suffered damages from the conduct of William Gonzalez, the Defendant, and their agents.

## COUNT I
## SEXUAL ORIENTATION DISCRIMINATION

37. Plaintiff reasserts his allegations in paragraphs 1-36 as fully set forth herein.

38. Section 200e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1)    It shall be an unlawful employment practice for an employer:

    a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

39. As part of its prohibitions, Title VII prohibits discrimination based on sexual orientation.

40. Plaintiff is a gay male and is a member of a class of persons protected from discrimination in his employment under 42 U.S.C.A. § 1981 and Title VII of the Civil Rights Act, as amended.

41. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance violation of Title VII.

42. Plaintiff was discriminated against by Defendant on the basis of his sexual orientation by subjecting him to disparate treatment and discrimination by terminating his employment.

43. Defendant's alleged basis for its adverse conduct against Plaintiff and Plaintiff's termination are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

44. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Defendant's discriminatory

conduct toward Plaintiff, and the aforementioned comments/conduct were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

45. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against him, Plaintiff's employment was terminated.

46. As a result of the discriminatory conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

47. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

48. Plaintiff further seeks his attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and cost as a result of Defendant's conduct in violation of Title VII.

## COUNT II
## RETALIATION

49. Plaintiff reasserts his allegations in paragraph 1- 36 as fully set forth herein.

50. Section 200e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

"(1)    It shall be an unlawful employment practice for an employer:

    (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

51. Title VII accordingly prohibits retaliation against an employee for reporting conduct which would violate the terms of Title VII.

52. Plaintiff's complaint to William Gonzalez and threat to call police were protected activities under Title VII, for which he could not be adversely affected.

53. Immediately after complaining about being pushed and the hostile work environment created, Plaintiff was retaliated against by being terminated from his employment, in violation of Title VII.

54. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's termination are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

55. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Defendant's discriminatory conduct toward Plaintiff, and the aforementioned comments/conduct were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

56. As a result of the discriminatory conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering, and loss of dignity damages. Plaintiff accordingly

demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

57. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages, and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223